## Noll v. Noll.

*Divorce—Cruel and barbarous treatment—Bill of particulars—Dates and places.*

In an action for divorce on the ground of cruel and barbarous treatment, the acts should be alleged with reasonable certainty as to time and place, but the exact date and place of the occurrence of each particular act need not be set forth.

Rule for more specific bill of particulars. C. P. Dauphin Co., March T., 1921, No. 68.

*Beidleman & Hull*, for rule; *James G. Hatz*, contra.

Fox, J., Jan. 3, 1922.—On petition of the respondent, the court granted a rule upon libellant to show cause why a more specific bill of particulars should not be filed. An answer to the rule was filed, averring that the bill of particulars as filed was sufficient, and that the respondent is not entitled to have a more specific bill of particulars.

Upon examination of the bill of particulars as filed, we think it is sufficient.

The ground of divorce is cruel and barbarous treatment. The bill of particulars shows that the alleged cruel and barbarous treatment covered a long period of time. We think the respondent is quite fully supplied and informed of what she is called upon to meet at the trial of the case. Acts of cruel and barbarous treatment should be alleged with reasonable certainty as to time and place, but the exact date and place of the occurrence of each particular act need not be set forth, particularly where it is not covered by any particular time, but runs over a long period. It would be impracticable and impossible in many cases to give a specific allegation of the time and place of each particular occurrence, and should not be required: 14 Cyc., 668; 19 Corpus Juris, 111.

And now, Jan. 3, 1922, for the reasons stated, the petition is dismissed and the rule discharged.

*Cf.* Noll *v.* Noll, 30 Dist. R. 919.

From William Jenkins Wilcox, Harrisburg, Pa.